# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv300

| | |
|---|---|
| AIR KIRIBATI LIMITED, | )<br>) |
| Plaintiff, | )<br>) ORDER |
| | ) and |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| CAAMS, LLC, | )<br>) |
| Defendant. | )<br>) |

Pending before the Court is the Motion to Dismiss Counterclaims [# 16] and Motion to Strike Affidavit [# 22]. Plaintiff brought this action asserting claims against Defendant arising out of an aircraft purchase agreement. Defendant then asserted Counterclaims against Plaintiff. The Counterclaims arise out of a separate aircraft purchase agreement. Plaintiff now moves to dismiss the Counterclaims or to transfer the Counterclaims to Florida. In addition, Plaintiff moves to strike a statement contained in the Affidavit of Everette C. Marsh III. The Court **DENIES without prejudice** the Motion to Strike [# 22] and **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 16] and **TRANSFER** Defendant's Counterclaims to Florida.

## I. Background

Plaintiff is an airline owned by the Government of Kiribati that operates passenger air service within the Gilbert Islands. (Pl.'s Compl. ¶ 7.) Plaintiff's principal place of business is in Kiribati. (Id. ¶ 2.) Defendant is a Delaware corporation with its principal place of business in Rutherfordton, North Carolina. (Id. ¶ 3.) Defendant refurbishes and sells used aircrafts and parts. (Id. ¶ 8.)

On August 30, 2012, Plaintiff and Defendant entered into an Aircraft Purchase Agreement (the "2012 Agreement"). (Def.'s Answer and Counterclaims ("Def.'s Answer") p. 7; Ex. A to Def.'s Answer.) The 2012 Agreement provides for the sale of aircraft to Plaintiff. (Def.'s Answer at p. 7.)

The 2012 Agreement contains both a choice of law and a forum selection clause. (Ex. A to Def.'s Answer at § 10.5.) Specifically, Section 10.5 provides that: "[t]he laws of the State of Florida, excluding its conflicts of laws rules shall govern this Agreement. The courts of Florida in Palm Beach County District Court have exclusive jurisdiction to resolve disputes arising out of this contract." (Id.)

On November 25, 2013, the parties entered into another Aircraft Purchase and Sale Agreement (the "2013 Agreement"). (Pl.'s Compl. ¶ 10.) The 2013 Agreement provides for the sale of an aircraft to Plaintiff. (Id.) The 2012 Agreement and 2013 Agreement involve the sale of different aircrafts. (Ex. A to

Def.'s Answer; Ex. A to Pl.'s Compl.)

The 2013 Agreement also contains a choice of law and a forum selection clause. (Ex. A to Pl.'s Compl. § 8.5.) Specifically, Section 8.5 provides:

> This Agreement shall be construed and enforced in accordance with, and the rights of the Parties shall be governed by, the laws of the State of North Carolina / USA. There shall be no application of any conflict of laws rules inconsistent with this Section. Each of the Parties and the Escrow Agent irrevocably submits to the non-exclusive jurisdiction of the courts sitting [in] Mecklenburg County, North Carolina over any action or proceeding arising out of or relating to this Agreement and the Parties and the Escrow Agent irrevocably agree that all claims in respect of such action or proceedings may be heard and determined in such courts.

(Id.)

Plaintiff brought this action for breach of the 2013 Agreement in the Charlotte Division of the United States District Court of the Western District of North Carolina, which encompasses Mecklenburg County. Count One asserts a breach of contract claim based on Defendant's alleged breach of the 2013 Agreement. (Pl.'s Compl. ¶¶ 21-25.) Count Two asserts a fraudulent inducement claim based on Defendant's alleged fraudulent actions to induce Plaintiff into signing the 2013 Agreement. (Id. ¶¶ 26-34.) Count Three asserts a claim under the North Carolina Unfair and Deceptive Trade Practices Act for Defendant's alleged conduct related to the 2013 Agreement. (Id. ¶¶ 35-42.) Subsequently, the

Clerk transferred the case to the Asheville Division, presumably based on the fact that Defendant's principal place of business is in Rutherford County, North Carolina, which falls within the geographic reach of the Asheville Division. Neither party, however, moved to transfer the case back to the Charlotte Division.

In response to the Complaint, Defendant's filed an Answer and Counterclaims. The Second Defense and Counterclaim asserts a claim for breach of contract against Plaintiff based on Plaintiff's alleged breach of the 2012 Agreement. (Def.'s Answer at pp. 6-9.) The Third Defense and Counterclaim asserts a fraudulent inducement claim based on Plaintiff's alleged fraudulent actions to induce Defendant into signing the 2012 Agreement. (Id. at pp. 9-10.) The Fourth Defense and Counterclaim asserts a claim under the North Carolina Unfair and Deceptive Trade Practices Act based on Plaintiff's alleged conduct related to the 2013 Agreement. (Id. at pp. 10-12.)

Plaintiff now moves to dismiss the Counterclaims or to transfer the Counterclaims to Florida. In addition, Plaintiff moves to strike a statement contained in an affidavit submitted by Defendant in opposition to the Motion to Dismiss. The District Court referred the motions to this Court. Accordingly, the Motion to Dismiss is properly before this Court for a Memorandum and Recommendation to the District Court. The Motion to Strike is before the Court

for an Order.

## II. Analysis

### A. The Motion to Strike

Plaintiff moves to strike a statement contained in the affidavit of Everette Mash. Specifically, Plaintiff moves to strike the statement: "CAAMS, LLC would be seriously inconvenienced and suffer substantial unnecessary expenses were the Court to require CAAMS to litigate its counterclaim against Air Kiribati Limited in Florida." (Everette Aff. ¶ 14, Feb. 9, 2015.) Plaintiff contends that the statement is a conclusory allegation and should be stricken. The Court, however, is capable of weighing the evidentiary value of any statement contained in the affidavit and assigning it the appropriate weight in ruling on Plaintiff's Motion to Dismiss. Even assuming that the statement is conclusory, striking it from the record is unnecessary. Accordingly, the Court **DENIES without prejudice** the motion [# 22].

### B. The Motion to Dismiss and Motion to Transfer

Forum selection provisions in contracts are presumptively valid and enforceable. Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). "But the presumption of enforceability that forum selection and choice of law provisions enjoy is not absolute and, therefore, may be overcome by a clear showing that they

are unreasonable under the circumstances." Id. (internal citation and quotation omitted). The United States Court of Appeals for the Fourth Circuit has set forth four situations where a forum selection clause may be unreasonable:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4)[its] enforcement would contravene a strong public policy of the forum state.

Id.; Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 643, 651 (4th Cir.2010).

Section 10.5 of the 2012 Agreement provides that: "[t]he laws of the State of Florida, excluding its conflicts of laws rules shall govern this Agreement. The courts of Florida in Palm Beach County District Court have exclusive jurisdiction to resolve disputes arising out of this contract." (Ex. A to Def.'s Answer at § 10.5.) Thus, the 2012 Agreement contains both a choice of law and forum selection clause. Defendant, however, contends that the Florida forum selection clause is invalid.

As a threshold matter, the forum selection clause in the 2012 Agreement was not induced by fraud or overreaching, and the application of Florida law to this contractual dispute will not deprive Defendant of a remedy. Although North Carolina might be a more convenient forum than Florida, requiring Defendant to litigate its claims in Florida - the contractually agreed upon forum - is not so

inconvenient as to deprive Defendant of its day in Court.  See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18, 92 S. Ct. 1907, 1917 (1972).  Moreover, the forum selection clause is not so vague or ambiguous as to be invalid.  Although the clause could certainly have been drafted in clearer terms, the plain language of the clause requires the parties to litigate disputes arising out of the 2012 Agreement in District Court in Palm Beach County, Florida. (Ex. A to Def.'s Answer at § 10.5.) The Court finds that the more reasonable interpretation of Section 10.5 is that the parties intended to litigate any disputes in the United States District Court for the Southern District of Florida, West Palm Beach Division.  See generally, Dan Dill, Inc. v. Ashely Furniture Indus., Inc., No. 5:07CV111-V, 2008 WL 3287255, at *4 (W.D.N.C. Aug. 7, 2008) (Voorhees, J.).

Finally, the enforcement of the Florida forum selection clause does not contravene a strong public policy of the forum state that would warrant setting aside the contractually agreed upon forum.  Although Defendant contends that N.C. Gen. Stat. 22B-3 nullifies the Florida forum selection clause because the parties entered into the contract in North Carolina, the Court finds that N.C. Gen. Stat. 22B-3 does not render the forum selection clause invalid.  Section 22B-3 provides that:

> Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any

> action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable. This prohibition shall not apply to non-consumer loan transactions or to any action or arbitration of a dispute that is commenced in another state pursuant to a forum selection provision with the consent of all parties to the contract at the time that the dispute arises.

The enactment of Section 22B-3, however, does not otherwise render the freely negotiated forum selection clause unenforceable in this Court. See Albemarle Corp, 628 F.3d at 652-53 (holding that a similar South Carolina statute did not render the forum selection clause invalid). Federal Courts in North Carolina routinely enforce forum selection clauses despite the existence of Section 22B-3. See e.g. Turfworthy, LLC v. Dr. Karl Wetekam & Co., 25 F. Supp. 2d 496, 509 (M.D.N.C. 2014); WW Healthcare Consultants, LLC v. Lintech, LLC, Civil Action No. 5:13-CV-00142-RLC-DSC, 2014 WL 3547373, at *3 (W.D.N.C. Jul 17, 2014) (Voorhees, J.); Tree.com, Inc. v. Laureate Online Educ. BV, No. 3:13-CV000040-FDW-DSC, 2013 WL 4079303, at *4 (W.D.N.C. Aug. 13, 2013) (Whitney, C.J.); Vekash Holdings II, LLC v. Granite Falls Partners, LLC, No. 3:11-CV-508-FDW-DSC, 2011 WL 6257199, at *3 (W.D.N.C. Dec. 15, 2011) (Cayer, Mag. J.) The Court finds that the Florida forum selection clause contained in the 2012 Agreement is valid and enforceable.

Pursuant to 28 U.S.C. § 1404(a), a party may enforce a valid forum selection

that points to a particular federal district by moving to have the case transferred to the district specified in the forum selection clause. Atlantic Marine Constr. Co., Inc. v. U.S.D.C. for W. Dist. of Texas, __ U.S. __, 134 S. Ct. 568, 579 (2013). In contrast, the doctrine of *forum non conveniens* provides the appropriate avenue for enforcing a forum selection clause that specifies a state or foreign forum. Id. at 580. The analysis under Section 1404(a) and the *forum non conveniens* doctrine, however, "entails the same balancing-of-interests standard" and "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." Id.

As the United States Supreme Court recently explained in Atlantic Marine, when parties have agreed to a valid forum selection clause, the Court should ordinarily transfer the case to the specified forum. Id. at 581. "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. In considering whether to apply a forum selection clause and transfer a case, the Court gives no weight to the plaintiff's choice of forum. Id. "Rather, the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer of the forum for which the parties bargained is unwarranted." Id. Moreover, the Court may not consider arguments regarding the private interests of the parties. Id. at 582.

> When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation. A court accordingly must deem the private-interest factors to weight entirely in favor of the preselected forum.

Id. Finally, when a party ignores a forum selection clause and files suit in another forum, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id.

The 2013 Agreement contains a forum selection clause specifying that the parties agree that any disputes arising from the agreement will be brought in Mecklenburg County, North Carolina. Plaintiff complied with this forum selection clause by bringing suit in the Charlotte Division of the United States District Court for the Western District of North Carolina. Defendant then asserted its Counterclaims based on the 2012 Agreement, which contains the Florida forum selection clause. Having found the Florida forum selection clause to be valid and enforceable, and because there are no "extraordinary circumstances" that would warrant this Court ignoring a valid forum selection clause contained in a contract negotiated by the two corporate entities, the Court must transfer Defendant's Counterclaims pursuant to Section 1404(a). See Avaya, Inc. v. Mitel Networks Corp., 460 F. Supp. 2d 690 (E.D. Va. 2006) (granting a motion to transfer and

transferring two counterclaims to the United States District Court for the District of New Jersey). The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 16] and **TRANSFER** Defendant's Counterclaims to the United States District Court for the Southern District of Florida, West Palm Beach Division.

### III. Conclusion

The Court **DENIES without prejudice** the Motion to Strike [# 22]. The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 16] and **TRANSFER** Defendant's Counterclaims to the United States District Court for the Southern District of Florida, West Palm Beach Division. If the District Court adopts this Court's Memorandum and Recommendation, the Court also **RECOMMENDS** that the District Court **DIRECT** Defendant to file an Amended Answer that does not contain the Counterclaims within ten (10) days of the entry of the Order adopting this Memorandum and Recommendation.

Signed: May 19, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).